| | |
|---|---|
| EUGENE CULPEPPER JR., | ) |
| | ) |
| | ) Case No. 15-3512-CV-S-MDH-P |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DR. KYLIE WALKER, et al. | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS AND SUGGESTIONS IN SUPPORT OF DEFENDANTS VALERIE PETERSEN, JILL PATTERSON, PATRICIA KECK, DAMON PHILLIPS, AND CAPTAIN JEFF COONROD

**COME NOW,** Defendants Valerie Petersen, Jill Patterson, Patricia Keck, Damon Phillips, and Captain Jeff Coonrod ("Defendants"), by and through counsel, Keck & Austin, LLC, and respectfully ask this Court to dismiss all claims alleged against Valerie Petersen, Jill Patterson, Patricia Keck, Damon Phillips, and to dismiss all claims regarding allegedly seized letters directed against Captain Coonrod[1], contained in the superseding Complaint of Plaintiff Eugene Culpepper, Jr. ("Plaintiff"). In support of this motion, Defendants state the following:

### I. Introduction

Plaintiff's superseding Complaint (Doc. 21) invoked 42 U.S.C. §1983 and asked for damages against Defendants Valerie Petersen, Jill Patterson, Patricia Keck,

---

[1] Plaintiff did not attempt to state any claims against Defendants Valerie Petersen, Jill Patterson, Patricia Keck, and Damon Phillips other than the "letter" claims. Plaintiff accused Captain Coonrod of liability for more than the "letter" claims, and those accusations are not addressed in the current Motion to Dismiss.

Damon Phillips, and Captain Jeff Coonrod for the "seizure, restriction, censoring, and withholding of the Plaintiff's two outgoing letters without due process." (Doc. 21, p. 31 of 33). As to the "letter" claims, Plaintiff has not pleaded facts sufficient to show that any action of Defendants caused Plaintiff to be deprived of any right, privilege, or immunity protected by the Constitution or federal law.[2]

## II. Plaintiff's Asserted Facts

Generally, Plaintiff asserted that while he was an inmate at the Greene County Jail (GCJ), two outgoing letters he intended to be sent to friends were seized in retaliation for Plaintiff having filed the separate pending suit in 15-3338-CV-S-MDH. Plaintiff claimed he exercised a protected right by suing Dr. Wilkins, Dr. Walker, Dr. Ussery, and Captain Coonrod. (Doc. 21, p. 21 of 33). Plaintiff described Captain Coonrod as the jail administrator. (Doc. 21, p. 3 of 33). Plaintiff described Patricia Keck and Damon Phillips as the attorneys defending against Plaintiff's separate case. (Doc. 21, p. 3-4, 21 of 33). Plaintiff said he received legal mail from those attorneys in the form of supplemental disclosures containing copies of the two letters. (Doc. 21, (p. 21-23 of 33). Plaintiff said the supplemental disclosures included a facsimile from Dwight Willis to Valerie Petersen and Jill Patterson. (Doc. 21, p. 22 of 33). Plaintiff described Dwight Willis as the mailroom

---

[2] Plaintiff captioned parts of the superseding Complaint as "Plaintiff's Freedom of Expression was Denied," (Doc. 21, p. 20 of 33); "Plaintiff's Outgoing Letters Withheld and Seized," (Doc. 21, p. 21 of 33); and "Failure of Procedural Safeguard," (Doc. 21, p. 23 of 33), and each seems to regard Plaintiff's allegations regarding intercepted letters addressed in the current motion to dismiss.

supervisor at the GCJ. (Doc. 21, p. 3 of 33). Plaintiff described Valerie Petersen as the paralegal for the Greene County Sheriff's Office. (Doc. 21, p. 3 of 33). Plaintiff described Jill Patterson as a former attorney of the same firm as Patricia Keck and Damon Phillips. (Doc. 21, p. 4 of 33). Plaintiff asserted he "had no idea his letters were in the possession of the Defendants' counsel in a 'civil' matter. This could have only been out of retaliation." (Doc. 21, p. 22 of 33). Plaintiff said he "filed a grievance due to his and his family and friends rights being violated…" but that Captain Coonrod denied the grievance. (Doc. 21, p. 26 of 33).

Plaintiff asserted his friends never received those personal letters, "but Dwight Willis, Patricia A. Keck, Jill Patterson, and Damon S. Phillips did." (Doc. 21, p. 27 of 33). Plaintiff asked for damages against those same Defendants, plus Captain Coonrod, on the basis that they "violated the Plaintiff's First Amendment and Fourteenth Amendment Rights…" by "restricting, seizing, withholding, faxing, and copying the Plaintiff's outgoing letters without notice…" (Doc. 21, p. 29 of 33).

### III. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Additionally, while a court must liberally construe the allegations of a *pro se* complaint, the plaintiff must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## IV. Argument

### a. Defendants did not take any adverse action against Plaintiff

To state a claim of retaliation under §1983, Plaintiff must allege the Defendants took action against him in retaliation for exercising his constitutional rights. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)(*rehearing en banc denied*). Plaintiff "must prove that he engaged in protected activity and that [D]efendant[s], to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). Plaintiff must prove that "but for" his protected actions, Defendants would not have taken the complained of actions against Plaintiff. *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996). Broad and conclusory allegations of retaliation are not sufficient to support a §1983 claim for violation of constitutional rights. *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987).

Even liberally construing the superseding Complaint (Doc. 21), Plaintiff has alleged nothing more than that Defendants Valerie Petersen, Jill Patterson, Patricia Keck, and Damon Phillips received copies of the two letters at issue, and that the letters were then sent to Plaintiff in supplemental disclosures. Despite the superseding

Complaint (Doc. 21) and its attached exhibits (Doc. 21-1) including more than one hundred pages of material, nowhere does Plaintiff accuse Defendants Valerie Petersen, Jill Patterson, Patricia Keck, and Damon Phillips of taking any adverse action against him; let alone a retaliatory action. The act of bringing the letters to Plaintiff's attention through supplemental disclosures simply cannot constitute an "adverse action."

Similarly, Plaintiff did not accuse Captain Coonrod of taking any action in relation to the letters other than denying a grievance. Even if the superseding Complaint was construed as alleging Captain Coonrod failed to properly process Plaintiff's grievance regarding the letters, this would not support a §1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## V. Conclusion

Plaintiff has not pleaded sufficient facts indicating that Defendants took action against him in retaliation for exercising his constitutional rights. Due to that fact, Defendants respectfully request the Court dismiss all claims against Valerie Petersen, Jill Patterson, Patricia Keck, Damon Phillips, and to dismiss all claims regarding allegedly seized letters directed against Captain Coonrod in the superseding Complaint with prejudice, and that the Court grant such other and further relief as it deems just and proper under the circumstances.

Respectfully submitted,

KECK & AUSTIN, L.L.C.


By /s/ Damon S. Phillips
  Patricia A. Keck #42811
  Damon S. Phillips #52901
  3140 E. Division Street
  Springfield, MO  65802
  PH (417) 890-8989
  Fax (417) 890-8990
  Attorneys for Defendants

## CERTIFICATE OF MAILING

  The undersigned certifies that a copy of the foregoing document was served by ☐ Filing electronically (ECF), ☐ Hand delivery; ☐ Fax; ☐ Overnight mail; ☐ Email, ☑ U.S. Mail, postage prepaid on this 14th day of June, 2016 to the following persons:

Mr. Eugene Culpepper, Jr.  #524811
Housing Unit 5-D-109
Jefferson City Correctional Center
8200 No More Victims Road
Jefferson City, MO 65101

        /s/ Damon S. Phillips
        Damon S. Phillips